1  GREGORY A. NYLEN (SBN 151129)
   GREENBERG TRAURIG, LLP
2  2450 Colorado Avenue, Suite 400E
   Santa Monica, CA 90404
3  Telephone:  (310) 586-7700
   Facsimile: (310) 586-7800
4  Email:  nyleng@gtlaw.com

5  SCOTT GELIN (*Pro hac vice* pending)
   GREENBERG TRAURIG, LLP
6  200 Park Avenue, 34th Floor
   MetLife Building
7  New York, NY 10166
   Telephone: (212) 801-9200
8  Facsimile: (212) 801-6400
   Email:  gelins@gtlaw.com
9
   WILLIAM J. GOINES (SBN 61290)
10 KAREN ROSENTHAL (SBN 209419)
   GREENBERG TRAURIG, LLP
11 1900 University Avenue, Fifth Floor
   East Palo Alto, CA  94303
12 Telephone:  (650) 328-8500
   Facsimile:  (650) 328-8508
13 Email:  goinesw@gtlaw.com
           rosenthalk@gtlaw.com

14

15            IN THE UNITED STATES DISTRICT COURT

16         FOR THE NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

19 DIANE VON FURSTENBERG STUDIO, L.P.,          )  Civil Action No. C 07 5155 PVT
                                                )
                          Plaintiff,            )
20          v.                                  )
                                                )  STIPULATED PERMANENT
21 HAIHONG   SUN   D/B/A   FASHION-INN,          )  INJUNCTION AND JUDGMENT
   DAVID SUN D/B/A FASHION-INN, JOHN            )  AND [PROPOSED] ORDER
22 DOES 1-15, AND XYZ CORPS. 1-15               )
                          Defendants.           )
23                                              )
                                                )
24                                              )
                                                )
25                                              )
                                                )
26

27

28

1

2      Plaintiff DIANE VON FURSTENBERG STUDIO, ("Plaintiff"), and Defendants HAIHONG

3  SUN D/B/A FASHION-INN, DAVID SUN D/B/A FASHION-INN ("Defendants"), hereby submit this

4  Stipulated Permanent Injunction and Judgment and [Proposed] Order as to Defendants.

5  DATE: February 5, 2008                    GREENBERG TRAURIG, LLP

6

7                                            By: /s/ Karen Rosenthal
                                                 Karen Rosenthal
8                                                Attorneys for Plaintiff,
                                                 Diane von Furstenberg Studio, L.P.
9

10 DATE: February 3, 2008                    HAIHONG SUN D/B/A FASHION-INN

11

12                                           By: /s/ Haihong Sun
                                                 Haihong Sun
13

14 DATE: February 3, 2008                    DAVID SUN D/B/A FASHION-INN

15

16                                           By: /s/ David Sun
                                                 David Sun
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PERMANENT INJUNCTION AND JUDGMENT AND [PROPOSED] ORDER        Case No. C07-5155
*SV 346,257,682v1 2/1/2008*

**[PROPOSED] ORDER**

Plaintiff DIANE VON FURSTENBERG STUDIO, L.P. ("DVF" or "Plaintiff") having commenced this action for an injunction and other relief against Defendants HAIHONG SUN D/B/A FASHION-INN, DAVID SUN D/B/A FASHION-INN, (collectively, "Defendants"), pursuant to the Lanham Act (15 U.S.C. § 1051 et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and under the laws of the State of California, for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and false designation of origin, unjust enrichment, and misappropriation for the reason that the Defendants are alleged to be engaged in manufacturing, importing, exporting, marketing, advertising, distributing, offering for sale and/or selling goods ("Counterfeit Products") bearing counterfeit reproductions of Plaintiff's federally registered trademarks and trade names as defined in Plaintiff's Complaint (collectively, "Plaintiff's Trademarks"); and

Defendants having entered into a Settlement Agreement with Plaintiff and having stipulated to entry of this Permanent Injunction and Judgment; and

Plaintiff and Defendants, having indicated above their consent to the form an entry of this Stipulated Permanent Injunction and Judgment,

**IT IS HEREBY ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, confederates, and any other persons acting for, with, by, through, under, or in active concert or participation with them, are permanently enjoined and restrained from:

(a)    Using Plaintiff's Trademarks or any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademarks, alone or in combination with any word or words that so resemble each said trademark as to be likely to cause confusion, deception, or mistake, on or in connection with the import, export, manufacture, distribution, advertisement, promotion, offer for sale and/or sale of products which are not genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' or another's products are connected with Plaintiff or Plaintiff's genuine products bearing Plaintiff's Trademarks; and

(b)    Passing off, inducing or enabling others to sell or pass off any products that are not Plaintiff's genuine merchandise as and for genuine products of Plaintiff; and

(c)    Committing any other acts calculated to cause purchasers or prospective purchasers to believe that  Defendants' or another's products are Plaintiff's genuine merchandise unless they are such; and

(d)    Manufacturing or arranging the manufacture of, importing, exporting, shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of, in any manner, any labels, dresses or other items falsely bearing Plaintiff's Trademarks, logos or trade names or any reproduction, counterfeit, copy, or colorable imitation of same; and

(e)    Making any representations, orally or in writing, to any member or segment of the public, that they are authorized, licensed or otherwise permitted by Plaintiff to manufacture, export, import, ship, deliver, distribute, offer for sale and/or sell Plaintiff's products unless they are such; and

(f)    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (e).

**IT IS FURTHER ORDERED** that Defendants, through their signatures above, and counsel for the Plaintiff may indicate the parties' consent to the terms of the Stipulated Permanent Injunction and Judgment by signing multiple counterparts, and that a faxed signature shall be deemed an original signature; and

**IT IS FINALLY ORDERED** that this Court has jurisdiction over the parties, and the subject matter of this action.  This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction and Judgment and the Settlement Agreement between the parties, which is hereby made a part hereof and incorporated by reference, and to determine any issues that may arise under either.

**SO ORDERED:**

DATE:_____            _____
                                        Hon. Patricia V. Trumbull
                                        United States Magistrate Judge

STIPULATED PERMANENT INJUNCTION AND JUDGMENT AND [PROPOSED] ORDER          Case No. C07-5155
*SV 346,257,682v1 2/1/2008*